**STATE of Missouri, Respondent,**

v.

**Dennis NELSON, Appellant.**

**No. ED 75137.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 30, 1999.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adrianne D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Chief Judge.

Dennis Nelson (Defendant) appeals from the judgment and sentence entered following his jury conviction for statutory rape in violation of section 566.030, RSMo 1994. We dismiss his appeal.

A jury convicted Defendant of statutory rape following trial. On June 30, 1995, the trial court entered a judgment of conviction and sentenced Defendant to serve 30 years' imprisonment. The court then suspended execution of that sentence and placed Defendant on probation for three years. On December 12, 1997, the court revoked his probation. The court then ordered that Defendant's prior sentence be executed. The court also ordered his sentence to be served pursuant to section 559.115, RSMo Cum.Supp.1996. That statute provides for referral to an appropriate drug treatment center with the possibility that the trial court may grant probation to a defendant anytime up to 120 days after such defendant has been delivered to the custody of the department of corrections. Section 559.115.2.

Defendant was again placed on probation and released. On October 2, 1998, the court again revoked Defendant's probation. At that time, the court sentenced Defendant to 30 years imprisonment.

Defendant filed a notice of appeal on October 2, 1998. The State has filed a motion to dismiss his appeal, arguing that it was untimely, in that it was filed more than three years after judgment and sentence were entered on June 30, 1995. In response, Defendant contends he has filed a timely notice of appeal because he was "resentenced" on October 2, 1998.

We dismiss Defendant's appeal as untimely. Rule 30.01(d) requires a defendant to file his or her notice of appeal "not later than ten days after the judgment or order appealed from becomes final." A judgment becomes final in a criminal case when sentence is entered or imposed. *State v. Welch*, 865 S.W.2d 434, 435 (Mo.App.1993); *State v. Murphy*, 626 S.W.2d 649, 650 (Mo.App.1981). In a suspended execution of sentence, a criminal conviction has been entered and the sentence has been assessed; only the act of executing the sentence has been suspended. *Barnes v. State*, 826 S.W.2d 74, 76 (Mo.App.1992). Moreover, probation is not part of the sentence and operates independently of the sentence. *Id.*

Here, judgment was final when the trial court entered or imposed sentence on June 30, 1995. Therefore, under Rule

30.01, Defendant had ten days from that date to file his notice of appeal. Defendant did not file his appeal within the ten days, but instead, filed it more than three years later. Defendant did not seek to file a late notice of appeal. Even if he had, Rule 30.03 only allows a late notice of appeal if filed within twelve months after the judgment becomes final.

Moreover, the trial court's statement on October 2, 1998 that it was "resentencing" Defendant is a misstatement. The trial court was unable to "resentence" Defendant. Defendant had already been sentenced and that sentence had not been vacated. Instead, the court was simply executing Defendant's prior imposed sentence.

Defendant's Notice of Appeal filed on October 2, 1998 is untimely. Consequently, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

GARY M. GAERTNER, J., and LAWRENCE G. CRAHAN, J., concur