**STATE ex rel. Robert T. POUCHER, Relator,**

v.

**The Honorable David Lee VINCENT, III, et al., Respondents.**

No. SC 88721.

Supreme Court of Missouri, En Banc.

July 29, 2008.

Jonathan R. Bunch, Columbia, MO, for Relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for Respondents.

## ORIGINAL PROCEEDING
## IN MANDAMUS

LAURA DENVIR STITH, Chief Justice.

Relator Robert Poucher petitions this Court to issue a writ of mandamus directing the respondent trial judge to vacate an order *nunc pro tunc* he entered on December 12, 2005, amending a judgment he had entered revoking relator's probation on November 3, 2005. Mr. Poucher argues that an order *nunc pro tunc* may be used

only to correct a clerical error or omission, and that, here, respondent improperly used it to substantively amend his prior judgment by directing that Mr. Poucher's sentences were to run consecutively rather than concurrently.

This Court agrees. Respondent's initial order changed the sentence he had previously imposed at the time he put Mr. Poucher on probation. This was error. It was not a clerical error, however, and could not be corrected by entry of an order *nunc pro tunc*. This Court, therefore, makes its alternative writ of mandamus peremptory and directs respondent to vacate his *nunc pro tunc* order, leaving in effect the order entered on November 3, 2005.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Robert Poucher pleaded guilty to four criminal counts related to a drunken driving accident the previous year. He was sentenced to serve consecutive terms of seven years and three years on the first two counts and concurrent terms of one year each on the remaining counts. The trial court also imposed a crime victim's compensation fund fine of $46.00 as mandated by section 595.045.8, RSMo 2000,[1] for conviction of a Class D felony. The execution of the sentence was suspended and Mr. Poucher was placed in a long-term drug treatment program pursuant to section 217.362.2. He did not file an appeal or a post-conviction motion. After he successfully completed the treatment program, Mr. Poucher was placed on probation for five years.

In 2003, Mr. Poucher was alleged to have violated the conditions of that probation. On November 3, 2005, he waived his probation revocation hearing, and the trial

court ordered the previously imposed sentences to be executed. However, the court orally stated that the sentences for Counts I and II would run *concurrently* and memorialized that direction in its written judgment. By ordering the sentences to run concurrently rather than consecutively, the maximum time Mr. Poucher would serve was effectively cut from ten years to seven years.

On December 12, 2005, some 39 days after entry of his judgment revoking Mr. Poucher's probation, respondent entered an order *nunc pro tunc* that purported to amend the November 3 judgment so that the sentences for Counts I and II would run consecutively rather than concurrently.

## II. DISCUSSION

Mr. Poucher petitions this Court to issue a writ of mandamus directing respondent to vacate his order *nunc pro tunc*. "Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." *State ex rel. Kauble v. Hartenbach*, 216 S.W.3d 158, 159 (Mo. banc 2007). As there is no right to appeal a probation revocation order, *see, e.g., State v. Engle*, 125 S.W.3d 344, 345 (Mo.App. E.D.2004) ("No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by the appropriate writ"), validity of the probation revocation order as amended by the order *nunc pro tunc* can only be reviewed through an extraordinary writ. *See also Abel v. Wyrick*, 574 S.W.2d 411 (Mo. banc 1978) (reviewing alleged errors in probation revocation proceeding on writ of habeas corpus); *State v. Williams*, 871 S.W.2d 450, 452 n. 2 (Mo. banc 1994) (noting writs

---

1. Unless otherwise stated, all subsequent statutory references are to RSMo 2000.

available to challenge errors in probation hearings).

■ "The power to enter a *nunc pro tunc* order is a common law power derived from a court's jurisdiction over its records." *Pirtle v. Cook,* 956 S.W.2d 235, 240 (Mo. banc 1997). "That a court has a right ... to correct by an order *nunc pro tunc,* a clerical error or omission in the original entry, is indisputable." *Allen v. Sales,* 56 Mo. 28, 34–35 (1874). As noted in *Allen,* the court retains the power to enter a *nunc pro tunc* order even after a judgment has become final. *See also DeKalb County v. Hixon,* 44 Mo. 341, 342 (1869) ("It had authority, as well after as before the appeal, to amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal").

■ The proper uses of a *nunc pro tunc* order, however, are limited to correcting errors or omissions in the records. "It is universally held that the only true function of a *nunc pro tunc* order is to correct some error or inadvertence in the recording of that which was *actually done,* but which, because of that error or omission was not properly recorded; and, that it may not be used to order that which was *not* actually done, or to change or modify the action which was taken." *City of Ferguson v. Nelson,* 438 S.W.2d 249, 253 (Mo. 1969) (emphasis in original). In other words, it is intended to correct a scrivener's error or some other error in properly recording what the judge actually did—it is not permitted to be used to change a judgment that actually was entered but was entered erroneously.

Respondent exceeded his authority when he altered Mr. Poucher's sentence by entry of an order *nunc pro tunc.* The record shows that at and following the November 3 hearing, the respondent orally and in writing ordered Mr. Poucher's sentences to run concurrently. This is the sentence the court intended to enter. This was error, because respondent had authority only to execute the sentence it previously had imposed, not to impose a new sentence. *See, e.g., Edwards v. State,* 215 S.W.3d 292, 295 (Mo.App. S.D.2007) (noting that where a court imposes a sentence and suspends its execution, the judgment is final and the sentence for the crime "has been assessed").[2] This was not a clerical error, however—the court reporter and the written judgment stated what the judge actually said. It was simply a mistake. But, it was not one that could be corrected by an order *nunc pro tunc.* As respondent had no authority to issue the *nunc pro tunc* order, this Court issues its writ directing the trial court to vacate the *nunc pro tunc* order.

The state argues that, if an order *nunc pro tunc* is not the proper procedure for setting aside the erroneous sentence entered, then this Court should direct on remand that respondent vacate the November 3, 2005, judgment and enter a new judgment ordering the sentences to run consecutively, for otherwise the November 3 judgment imposing concurrent sentences will remain in effect. The state has not sought relief from this order in this or in a lower court, however, nor has it suggested a procedural mechanism for doing so.

**2.** Of course, this differs from a suspended *imposition* of sentence, where at a probation revocation hearing the trial court would have authority to impose any sentence authorized by law. *See Yale v. City of Independence,* 846 S.W.2d 193, 194–96 (Mo. banc 1993) (discussing suspended imposition of sentence); *see also Edwards,* 215 S.W.3d at 294–95 (discussing the difference between suspended execution of sentence and suspended imposition of sentence).

Poucher's petition only seeks to vacate the *nunc pro tunc* order. Therefore, the propriety of the underlying order, which was improperly amended by the *nunc pro tunc* order, is not before the Court.

■ Mr. Poucher also asserts in his petition for writ of mandamus that the seven-year sentence that was imposed and then suspended in 2003 was the improper result of doubly stacking the felony enhancement for persistent DWI offenders, sec. 577.023, and the general enhancement for recidivism, sec. 558.016. Mandamus is only appropriate "where there is no remedy available through appeal." *Kauble*, 216 S.W.3d at 159. Where, as here, a sentence is imposed but then its execution is suspended, the judgment is final and the defendant has a right of immediate appeal. *See State v. Nelson*, 9 S.W.3d 687, 688–89 (Mo.App. E.D.1999) (dismissing appeal of suspended execution of sentence as untimely because "[i]n a suspended execution of sentence, ... judgment was final when the trial court entered or imposed [the suspended execution of] sentence ...."); *see also State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002) (noting that final judgment occurs in criminal cases when a sentence is entered). Mr. Poucher chose not to appeal the sentence at that time, nor did he raise it as part of an ineffective assistance of counsel claim under Rule 24.035. He cannot raise it now by way of mandamus.[3]

■ Mr. Poucher also argues that the indictment was insufficient because it failed to state whether his prior DWI convictions were felonies or misdemeanors. As this Court noted in *State ex rel. Sim-*

*mons v. White*, 866 S.W.2d 443 (Mo. banc 1993), in rejecting a nearly identical claim:

[W]hen the insufficiency of an information is raised for the first time after conviction and sentencing the trial court is not deprived of jurisdiction unless the information failed "by any reasonable construction [to] charge the offense of which the defendant was convicted" or prejudiced the substantial rights of the defendant to defend. Here, the informations alleged the offenses of which Simmons was convicted, Simmons pleaded guilty to the offenses, and Simmons has failed to establish any confusion or prejudice. Accordingly, the failings of the informations and evidence below do not rise to the level of jurisdictional defects so as to justify habeas relief.

*Id.* at 446. Here, as in *Simmons*, Mr. Poucher has not shown that the information failed by any reasonable construction to charge the offense of which he was convicted or that his substantial rights were prejudiced thereby. Indeed, even could the alleged error cited by relator rise to the required level, and the Court does not so find, an amended information was presented in lieu of indictment. As the amended information was not included in the record before the Court, the Court presumes that it corrected any errors in the original charging instrument. *State v. Jackson*, 477 S.W.2d 47, 51 (Mo.1972) (absent proof to the contrary a court will "presume that the action of the trial court was correct").

■ Finally, Mr. Poucher argues that the respondent never entered a valid final judgment in 2003 because the costs and fines imposed were inadequate. He con-

---

3. In any event, as Mr. Poucher recognizes, this Court unanimously rejected the argument that stacking these enhancements was improper in *State v. Ewanchen*, 799 S.W.2d 607, 609 (Mo. banc 1990), stating that the plain language of the statutes "permits application

of [sec.] 558.016 after a trial court has properly determined a defendant to be a class D felon under [sec.] 577.023." Id. at 610. The Court declines Mr. Poucher's invitation to re-examine this precedent in this extraordinary writ proceeding.

tends that the trial court failed to impose a judgment of $46.00 payable to the victim's compensation fund for each felony conviction as allegedly required by section 595.045.8. He also argues that the trial court failed to tax the state's court costs to Mr. Poucher as allegedly required by section 550.010. Since Mr. Poucher is not aggrieved by these alleged errors, he lacks standing to challenge them here. *See Planned Parenthood of Kansas v. Nixon,* 220 S.W.3d 732, 737 (Mo. banc 2007) (noting that to have standing a plaintiff must be "directly and adversely affected by the action in question"). Moreover, Mr. Poucher's argument with regard to the victim's compensation fund is premised on a novel interpretation of section 595.045.8, which requires imposition of a fine of $46.00 "upon a plea of guilty or finding of guilt for a class C or D felony." As this Court has never held that such fines must be imposed for each felony count, it will not support the issuance of a writ of mandamus. *See, e.g., State ex rel. McKee v. Riley,* 240 S.W.3d 720, 725 (Mo. banc 2007) ("A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed").

## III. CONCLUSION

For the reasons set forth above, the alternative writ of mandamus is made peremptory so that respondent is ordered to vacate his order *nunc pro tunc.*[4]

PRICE, TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and ELLIS, Sp.J., concur.

LIMBAUGH, J., not participating.

---

4. The Court expresses its appreciation to attorney Jonathan R. Bunch, who represented

Mr. Poucher *pro bono* by appointment of this Court.