**STATE of Missouri ex rel. Eric G. ZAHND, Platte County Prosecuting Attorney, Relator,**

v.

**The Honorable Abe Shafer, Judge of the Circuit Court of Platte County, Missouri, Division 1, Respondent.**

**No. WD 69983.**

Missouri Court of Appeals, Western District.

Jan. 27, 2009.

Joseph W. Vanover, Platte City, MO, for relator.

Erin Cozad, North Kansas City, MO, for respondent.

Before VICTOR C. HOWARD, P.J., and LISA WHITE HARDWICK and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

The State petitioned this court for an extraordinary writ, asserting that the circuit court exceeded its jurisdiction by imposing a six-year sentence on criminal defendant Milissa A. Gabauer when revoking her probation in June 2008, despite the fact that the court had sentenced Ms. Gabauer to 12 years' incarceration at the time of her conviction in 2006 (with execution of sentence suspended). The State asks us to order the circuit court to set aside the 2008 judgment which purported to reduce Ms. Gabauer's sentence, and instead to execute the 12–year sentence originally imposed in 2006. We issued a preliminary writ on September 2, 2008. Following full briefing and argument, we now make our writ absolute.[1]

## I.

On March 24, 2006, the State charged Ms. Gabauer with robbery in the second degree. Ms. Gabauer pleaded guilty, and the circuit court sentenced her to 12 years' incarceration. The court's June 22, 2006 Judgment suspended execution of the sentence and placed Ms. Gabauer on probation for five years.

Two years later, on June 19, 2008, the circuit court revoked Ms. Gabauer's probation based on her admitted violation of her probation conditions. Although it had entered judgment in 2006 sentencing Ms. Gabauer to 12 years' imprisonment, after finding that her probation should be revoked the court sentenced her to a six-year term. The court indicated that it "ha[d] taken into account in this sentence what the initial plea agreement was," as well as the probation file and defense counsel's arguments; based on those factors, the court stated that "it seems to me that the appropriate sentence is six years." The circuit court added that Ms. Gabauer would be "given credit for probation time that she's served. She's given credit for the things she's done on probation and her sentence is thereby reduced." The court's written judgment specified that, besides reducing Ms. Gabauer's sentence to six years, "defendant is given credit for 1 year time served on probation and credit for all other time served as allowed by law." The State objected at the probation-revocation hearing to any punishment which varied from the sentence imposed in 2006.

## II.

"Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." As there is no right to appeal a probation revocation order, *see, e.g., State v. Engle,* 125 S.W.3d 344, 345 (Mo. App. E.D.2004) ("No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by the appropriate writ"), validity of the probation revocation order ... can only be reviewed through an extraordinary writ. *State ex rel. Poucher v. Vincent,* 258 S.W.3d 62, 64 (Mo. banc 2008) (additional citations omitted).

---

1. The State first filed an appeal from the circuit court's 2008 judgment, which was docketed as No. WD69835. That appeal has been stayed pending disposition of this writ proceeding, and we presume that the State will dismiss its appeal in light of this decision. In rendering this decision we have relied on the record which was filed in No. WD69835 before further proceedings in that appeal were stayed.

The result in this case follows from legal principles discussed in the Supreme Court's recent decision in *Poucher*. In *Poucher*, a criminal defendant (Poucher) was sentenced in 2003 to consecutive prison terms on two of the four counts to which he pled guilty, and concurrent terms on the remaining two counts. The trial court suspended the execution of Poucher's sentences, and he was ultimately placed on probation. The trial court revoked Poucher's probation in November 2005, and ordered that the previously imposed sentences be executed. Contrary to its 2003 judgment, however, the trial court ordered that all of Poucher's sentences run concurrently. Thirty-nine days later, the court entered an order *nunc pro tunc* which purported to amend the November 2005 probation-revocation judgment to restore the consecutive prison sentences originally imposed in 2003.

The Supreme Court's decision in *Poucher* makes clear that a trial court generally has no authority to alter the prison sentences previously imposed in a judgment of conviction, even though *execution* of the sentences was suspended.

The record shows that at and following the November 3[, 2005] hearing, the respondent orally and in writing ordered Mr. Poucher's sentences to run concurrently[, contrary to the 2003 judgment of conviction which ordered two of his sentences to run consecutively]. . . . *This was error, because respondent had authority only to execute the sentence it previously had imposed, not to impose a new sentence. See, e.g., Edwards v. State*, 215 S.W.3d 292, 295 (Mo.App. S.D. 2007) (noting that where a court imposes a sentence and suspends its execution, the judgment is final and the sentence for the crime "has been assessed").[2]

2. Of course, this differs from suspended *imposition* of sentence, where at a probation

revocation hearing the trial court would have authority to impose any sentence authorized by law.

258 S.W.3d at 65 & n. 2 (emphasis added; additional citations omitted); *see also id.* at 64 ("Respondent's initial [2005] order changed the sentence he had previously imposed at the time he put Mr. Poucher on probation. *This was error.*" (emphasis added)). *Poucher* later repeats that a sentence that is imposed by a judgment becomes final when it is entered, even if its execution is suspended:

Where, as here, a sentence is imposed but then its execution is suspended, the judgment is final and the defendant has a right of immediate appeal. *See State v. Nelson*, 9 S.W.3d 687, 688–89 (Mo. App. E.D.1999) (dismissing appeal of suspended execution of sentence as untimely because "[i]n a suspended execution of sentence, . . . judgment was final when the trial court entered or imposed [the suspended execution of] sentence . . . ."); *see also State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002) (noting that final judgment occurs in criminal cases when a sentence is entered).

258 S.W.3d at 66.

■ We recognize that the quoted statements from *Poucher*, which conclude that the trial court's modification of the sentences originally imposed "was error," are *dicta*. In *Poucher*, the criminal defendant sought a writ of mandamus to vacate the trial court's *nunc pro tunc* order, which had attempted to restore the consecutive sentences originally imposed in 2003. The State, however, did not seek relief from the November 2005 probation-revocation judgment, which had purported to amend Poucher's 2003 sentences in the first instance. *Id.* at 65. The Supreme Court accordingly concluded that "the propriety of the underlying order, which was im-

properly amended by the *nunc pro tunc* order, is not before the Court." *Id.* at 66.

While *dicta*, the Supreme Court's clear statements that a trial court has no jurisdiction to amend a sentence which has become final—despite suspended *execution* of that sentence—is supported by the cases it cites, which hold that a sentence actually imposed becomes final when entered, even though its *execution* may be suspended.[2] This result is confirmed by § 559.036.3, RSMo 2000, which states that, if the court determines to revoke probation, it will "order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and impose any sentence available under section 557.011, RSMo." By specifying that a court may assess a sentence at the probation revocation stage "[i]f imposition of sentence was suspended," but that the court shall otherwise "order that any sentence previously imposed be executed," the legislature plainly intended to prohibit circuit courts from considering sentencing anew where a sentence had been "previously imposed," even though its execution was originally suspended.[3]

Thus, as Ms. Gabauer essentially concedes in this court, the circuit court acted in excess of its jurisdiction when, in the course of revoking Ms. Gabauer's probation, it purported to modify the sentence it had imposed upon her at the time of her conviction in 2006. We accordingly issue an absolute writ of mandamus ordering that the circuit court vacate the judgment it entered on June 19, 2008.

We emphasize that in entering any future judgment revoking Ms. Gabauer's probation based on her conceded violation of the conditions of her probation, the circuit court is free to exercise all of the powers granted to it upon revocation of probation, including the discretion conferred by § 559.036.3 to "mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation."[4]

All concur.

**2.** *See Edwards*, 215 S.W.3d at 295 (because defendant was "originally sentenced" upon conviction, even though execution of the sentence was suspended, he was not entitled to the benefit of a legislative reduction of the maximum sentence as of the later date on which his probation was revoked and his sentence executed); *Nelson*, 9 S.W.3d at 689 (dismissing defendant's appeal of a criminal conviction, which was filed in response to the revocation of his probation and execution of the sentence previously imposed; "the trial court's statement [at probation revocation hearing] that it was 'resentencing' Defendant is a misstatement. The trial court was unable to 'resentence' Defendant. Defendant had already been sentenced.... Instead, the court was simply executing Defendant's prior imposed sentence.").

**3.** We note that § 558.046, RSMo 2000, gives a sentencing court the authority, on specified conditions, to "reduce any term of sentence ... pronounced by the court" in connection with convictions for non-violent crimes "that involved alcohol or illegal drugs." Ms. Gabauer does not argue that this statute could justify the circuit court's action here; although we do not decide the issue, we observe that her conviction for second-degree robbery appears to fall outside the statute's scope. *See State ex rel. Moore v. Sweeney*, 32 S.W.3d 212, 215–16 (Mo.App. S.D.2000). Nothing in this opinion should be read to affect a sentencing court's authority to "reduce any term of sentence" where § 558.046 is properly invoked and applicable.

**4.** Although the trial court's June 19, 2008 judgment stated that Ms. Gabauer was given

some credit for time served, we are ordering the court to vacate that judgment; the court is free to reconsider *de novo* the appropriate credit (if any) which Ms. Gabauer should receive, in light of the 12–year sentence to which she is lawfully subject in the event of probation revocation.