**Tony Franklin HASTINGS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 70480.**

Missouri Court of Appeals,
Western District.

May 4, 2010.

---

Laura G. Martin, Esq., Kansas City, MO, for appellant.

Shaun J. Mackelprang, Esq., and Mary H. Moore, Esq., Jefferson City, MO, for respondent.

Before: LISA WHITE HARDWICK, P.J., and JAMES M. SMART, JR. and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Tony Hastings appeals the denial of his motion for post-conviction relief pursuant to Supreme Court Rule 24.035. In November 2005 Hastings pled guilty to four counts of forgery pursuant to § 570.090, RSMo. He was sentenced in December 2005 to five years' imprisonment on Counts 1, 2, and 3, and to three years on Count 4. At a probation revocation hearing in June 2006, the trial court stated, from

recollection, that Hastings had been sentenced to three years on Count 3. Hastings claims that this statement had the effect of reducing his sentence on Count 3 from five years to three years. We disagree, and affirm the denial of Hastings' post-conviction relief motion.

## Factual Background

Hastings was originally charged with six counts of forgery. Pursuant to a plea agreement, Hastings entered pleas of guilty to four of the forgery counts on November 14, 2005, and the State dismissed the remaining two counts. The plea agreement specified sentences of five years on Counts 1 and 2, to be served concurrently to each other, and five years on Count 3 and three years on Count 4, to be served concurrently with each other but consecutively to the sentences on Counts 1 and 2. Execution of the sentences was to be suspended and Hastings was to be placed on probation for five years. Hastings agreed to the terms of the plea agreement.

The court accepted Hastings' guilty pleas and set a sentencing hearing for December 12, 2005. At the sentencing hearing, the court indicated to Hastings before pronouncing sentence that it would "go ahead with the plea agreement." At the hearing, the court clearly announced to Hastings "that if you foul up on probation you've got 10 years stacked ahead of you. And this isn't very pretty. If you foul up you'll probably get the 10 years." Hastings said he understood the consequences of violating his probation. The court sentenced Hastings in accordance with the plea agreement, suspended execution of the sentences, and placed Hastings on probation.

A written judgment reflecting this disposition was signed by the court and entered on the same day. For reasons which will become apparent, we quote from the court's December 12, 2005, judgment at some length. The judgment contains separate sections addressing the disposition of each of the four counts to which Hastings pled guilty. As relevant here, the judgment states:

> On count 1, the Court: . . .
>
> [x] Sentences and commits the defendant to the custody of Missouri Department of Corrections for a period of 5 (five) years. Sentence to be served
>
> [x] Concurrent [ ] Consecutive with Ct. 2.
>
> On count 2, the Court: . . .
>
> [x] Sentences and commits the defendant to the custody of Missouri Department of Corrections for a period of 5 (five) years. Sentence to be served
>
> [x] Concurrent [ ] Consecutive with Ct. 1.
>
> On count 3, the Court: . . .
>
> [x] Sentences and commits the defendant to the custody of Missouri Department of Corrections for a period of 5 (five) years. Sentence to be served
>
> [x] Concurrent w/Ct. 4[x] Consecutive with Cts. 1 & 2.
>
> On count 4, the Court: . . .
>
> [x] Sentences and commits the defendant to the custody of Missouri Department of Corrections for a period of 3 (three) years. Sentence to be served
>
> [x] Concurrent w/Ct. 3[x] Consecutive with Cts. 1 & 2.

Under each count, the judgment indicates that execution of the sentence was suspended, with Hastings placed on probation for a five-year period.

Thus, despite the fact that the sentencing structure was somewhat complex, the sentences orally pronounced during the December 12, 2005 sentencing hearing were fully and accurately recorded in the

written judgment the court executed and filed on the same day.

On June 12, 2006, Hastings appeared for a probation revocation hearing. Hastings admitted that he had violated his probation by failing to provide a urine specimen, by using controlled substances, and by failing to report. The court incorrectly stated that, although a written judgment had been entered in December 2005, the terms of imprisonment to which Hastings had been sentenced had been left blank, and that "we'll need to do a nunc pro tunc judgment ... to correct that judgment." The court also incorrectly recited, from memory, that Hastings had been sentenced in December 2005 to five years on Counts 1 and 2 to be served concurrently, and to three years on *both* Counts 3 and 4, to be served concurrently but consecutively to the sentences on Counts 1 and 2. The court revoked Hastings' probation on Counts 3 and 4 and ordered his sentences to be executed on those counts. It continued Hastings' probation on Counts 1 and 2.

The court entered a written judgment on June 14, 2006, reflecting the revocation of Hastings' probation on Counts 3 and 4; unlike the court's statements at the probation revocation hearing, however, the June 14, 2006 judgment correctly states that the sentence on Count 3 was five years, imposed on December 12, 2005.[1]

On August 16, 2006, Hastings filed his pro se motion for post-conviction relief. His appointed counsel filed an amended motion on January 26, 2007. After an evidentiary hearing, the court entered findings of fact and conclusions of law denying relief. The motion court's findings of fact state, incorrectly, "[t]hat the written judgment dated December 12, 2005 omitted the lengths of the periods of incarceration on Counts I, II, III and IV, although these periods of incarceration had been announced by the court at the time of sentencing." The motion court then concluded:

In this case, at sentencing the judgment was clearly announced that the Defendant would be receiving a sentence totaling ten years; five years from Counts I and II concurrent, plus five years from Counts III and IV concurrent, which were to be served consecutively [to the sentences on Counts I and II]. There is no question that the initial judgment was not properly documented. However, at the time that this was discovered Defendant was in front of the court on a motion to revoke probation, and not on a motion to reconsider or set aside the judgment that had been entered the year previous. The proclamation of sentence at sentencing controls over a misstatement of the sentence at a hearing to revoke. The court loses jurisdiction to change judgment after sentencing.

## Standard of Review

■ Under Supreme Court Rule 24.035(k), "[a]ppellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and con-

---

1. On our review of the June 14, 2006 judgment, we have noted that, on Count *4*, the judgment correctly states that the sentence imposed on December 12, 2005, was three years, with execution of sentence suspended. However, the June 14, 2006 judgment then incorrectly states that the sentence imposed on Count 4 *at the June 12, 2006 probation revocation hearing* was *five* years. Hastings has not raised any issue concerning this error in the June 14, 2006 judgment. For reasons discussed in our Analysis, the trial court was without power to revise Hastings' sentences at the June 12, 2006 probation revocation hearing; therefore, any suggestion in the June 14, 2006 judgment that Hastings' sentence on Count 4 had been revised upward from three years to five years is null and void.

clusions of the trial court are clearly erroneous." Findings of fact and conclusions of law are clearly erroneous only if, after review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *See, e.g., Gill v. State,* 300 S.W.3d 225, 231 (Mo. banc 2009).

### Analysis

■ In his sole Point Relied On, Hastings claims the motion court clearly erred in overruling his Rule 24.035 motion because the trial court erroneously issued a written judgment on June 14, 2006, specifying concurrent imprisonment terms of five years on Count 3 and three years on Count 4, after orally (and inaccurately) declaring on June 12, 2006, that the imprisonment terms of the original December 12, 2005 judgment had not been reduced to writing, and that the sentences were concurrent imprisonment terms of three years on each of Counts 3 and 4. Hastings claims that the trial court's oral statement at the probation revocation proceeding had the effect of re-sentencing him to a term of three years on Count 3, and that the court lacked the power to depart from that oral pronouncement in its June 14, 2006 judgment.[2]

■ It is well-settled that, with exceptions not relevant here,[3] the written sentence and judgment in a criminal case may not deviate from the court's oral pronouncement of sentence.

> "[T]he written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant." Indeed, "[i]f a material difference exists" between the written judgment and oral pronouncement, "the oral pronouncement controls."

*State ex rel. Zinna v. Steele,* 301 S.W.3d 510, 514 (Mo. banc 2010) (citations omitted).

Hastings argues that his sentence on Count 3 was orally "pronounced" at the June 12, 2006 probation revocation hearing, and that it is this June 2006 "oral pronouncement" which therefore has controlling force.

We cannot agree. As we have recounted above, the trial court sentenced Hastings on the four counts to which he pled guilty at a sentencing hearing on December 12, 2005, and orally pronounced sentence at that time. Among other things, the court's December 2005 oral pronouncement sentenced Hastings to five—*not* three—years' imprisonment on Count 3. Consistent with the rule stated in *Zinna,* the trial court's December 12, 2005 written judgment accurately reflected Hastings' sentences as orally pronounced, including the five-year sentence on Count 3.[4]

■ Although the trial court suspended the *execution* of Hastings' sentences in

---

**2.** Hastings does not argue in this appeal that his probation revocation should itself be vacated based on the court's inaccurate recollection as to the length of his sentence on Count 3, and whether the December 2005 sentences had been reduced to writing. Such a challenge would need to be raised by extraordinary writ. *See, e.g., State ex rel. Poucher v. Vincent,* 258 S.W.3d 62, 64 (Mo. banc 2008); *State ex rel. Zahnd v. Shafer,* 276 S.W.3d 368, 369 (Mo.App. W.D.2009). We express no view on the merit of such an argument.

**3.** *See Johnson v. State,* 938 S.W.2d 264, 265 (Mo. banc 1997).

**4.** To the extent the motion court found "[t]hat the written judgment dated December 12, 2005 omitted the lengths of the periods of incarceration on Counts I, II, III and IV," that finding is clearly erroneous based on our review of the face of the December 12, 2005 written judgment.

December 2005, its sentences became final, and not subject to further revision, at that time.

As a general matter, a trial court lacks the authority to amend a sentence once the judgment becomes final. This is true even in cases where the trial court suspended the execution of the defendant's sentences. *State ex rel. Scroggins v. Kellogg*, 311 S.W.3d 293, —— (Mo.App. W.D.2010) (citing *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 65 (Mo. banc 2008); *State ex rel. Zahnd v. Shafer*, 276 S.W.3d 368, 371 (Mo.App. W.D.2009)). *Poucher* and *Zahnd* both specifically recognize that a trial court has no authority to revise a sentence at the time of a probation revocation hearing where a sentence was previously imposed, even though *execution* of the sentence was suspended at the time of imposition.

Here, the court clearly announced Hastings' sentences in accordance with the terms of the plea agreement at the sentencing hearing on December 12, 2005, and those sentences were fully and accurately reduced to a written judgment on the same date. When his probation was later revoked, the court only had the power to execute Hastings' previously imposed sentences; it could not modify them. Any oral statement by the court at Hastings' probation revocation hearing could not have the effect of re-sentencing

him, because the court had no power to do so. The trial court's June 12, 2006 misstatement as to the length of Hastings' sentence on Count 3 was not an "oral pronouncement" of sentence to which any deference is owed.

 As Hastings correctly notes, "[a] trial court may ... amend its oral pronouncement of sentence until it is reduced to written judgment. Until that time, the trial court retains jurisdiction and may call the defendant back for re-sentencing." *State v. Patterson*, 959 S.W.2d 940, 941 (Mo.App. E.D.1998) (citations omitted); *see also, e.g., Zinna*, 301 S.W.3d at 516 n. 4. While that principle may be accurate, it simply has no application here. As we have discussed at length above, Hastings' sentences were fully and accurately "reduced to written judgment" on December 12, 2005; the court accordingly retained no power to re-sentence him after that time.[5] (Even if a written judgment had not been entered in December 2005, and therefore the trial court retained the power to re-sentence Hastings, we would harbor considerable doubt that the trial court's statements at the June 2006 probation revocation hearing constituted such a "re-sentencing," when the court made clear during that hearing that its intention was to execute the sentences it had previously imposed on Counts 3 and 4, not to substantively revise them.)[6]

5. Despite finding (inaccurately) that Hastings' orally-pronounced sentences were *not* reduced to writing in the December 12, 2005 judgment, the motion court nevertheless held that the trial court lost the power to re-sentence Hastings following its December 2005 oral pronouncement of sentence. Assuming that no effective written judgment had been entered in December 2005, however, the motion court's conclusion that re-sentencing was unavailable would appear to be inconsistent with the rule stated in the text. We need not further discuss the issue, however, because "we will affirm the motion court's judgment

as long as it reached the correct result, even if it may have used incorrect reasoning." *Deckard v. State*, 110 S.W.3d 891, 894 (Mo.App. S.D.2003); *see also, e.g., Myers v. State*, 223 S.W.3d 165, 167 n. 2 (Mo.App. S.D.2006).

6. Hastings also argues that his rights to be present at sentencing, to address the court prior to the imposition of sentence, and to allocution were violated by the entry of the June 14, 2006 judgment. Because Hastings' sentences were fully and finally determined in December 2005, not at the probation revocation hearing or in the June 14, 2006 written

## Conclusion

We affirm the circuit court's judgment denying Hastings' motion for post-conviction relief under Supreme Court Rule 24.035.

All concur.

judgment, we need not further address these issues.