

# In the Missouri Court of Appeals
# Eastern District

WRIT DIVISION SIX

STATE OF MISSOURI, ex rel.        ) No. ED103789
JODI DAVIS-DEMARS,       )
      )
    Relator,       )
      ) Writ of Mandamus and Prohibition
v.       )
      ) Case No. 1322-CC00243
THE HONORABLE       )
CHRIS KUNZA MENNEMEYER,       )
      )
    Respondent.       ) FILED: December 29, 2015

Relator Jodi Davis-Demars filed a petition seeking a writ of mandamus compelling

Respondent, the Honorable Chris Kunza Mennemeyer, to vacate her orders of October 16, 2015

and December 1, 2015 and issue a new order that complies with the provisions of Section

217.362 RSMo Supp.2004.[1]  This Court issued a Preliminary Order in Mandamus.  The

Preliminary Order in Mandamus is made permanent.[2]

## I. BACKGROUND

Davis-Demars was sentenced to multiple terms of imprisonment, some consecutive to

---

[1] Unless otherwise indicated, all further statutory references are to RSMo Supp.2004.

[2] Missouri Supreme Court Rule 84.24(j) (2013) permits this Court to exercise its judgment in dispensing with portions of the procedure for the consideration and/or issuance of original writs as is necessary in the interest of justice.  We have elected to dispense with the briefing schedule that would ordinarily ensue following the issuance of a preliminary writ.

each other, some concurrently with other sentences and ordered that she be placed in the Department of Corrections' ("Department") long-term treatment program pursuant to Section 217.362.  Pursuant to the trial court's judgment, Davis-Demars was placed in a twelve-month long-term treatment program in October of 2014.  Prior to her completion of the program, the Department issued a court report investigation advising the trial court that Davis-Demars would be released on probation on October 30, 2015.  On October 16, 2015, Respondent issued the following order:

> The above named Defendant/Offender will have completed a program pursuant to 217.362 RSMo.  The Court now orders supervision of the offender by the Missouri Board of Probation and Parole effective <u>FEBRUARY 1, 2016</u>, for a term of five (5) years with the attached Special Conditions.  (emphasis in the original)

Davis-Demars then filed a petition seeking a writ of mandamus from this Court compelling Respondent to vacate her order of October 16, 2015 and further Order of December 1, 2015 and issue a new order that complies with the provisions of Section 217.362.  On December 21, 2015 we entered a Preliminary Order in Mandamus.

## II. DISCUSSION

Much of the following is taken directly from Judge Norton's opinion in <u>State ex rel. Salm v. Mennemeyer</u>, 423 SW 3d 319 (Mo. App. E.D. 2014) without further attribution:

Pursuant to article V, Section 4 of the Missouri Constitution, this Court has jurisdiction to issue original remedial writs.  "Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal. "<u>State ex rel.</u> <u>Poucher v. Vincent, 258 S.W. 3d 62, 64</u> (Mo. banc 2008) (internal quotation omitted).

Davis-Demars argues that, pursuant to Section 217.362.3, Respondent was required, upon Davis-Demars' successful completion of the long-term treatment program, to either: (1) allow

2

her to be released on probation; or (2) issue an order executing her sentences. She contends that Respondent exceeded her authority by delaying her release from custody from October 30, 2015 following her successful completion of the long-term treatment program to February 1, 2016. We agree.

Pursuant to Section 217.362.2, "the court may sentence a person to the [long-term treatment] program which shall consist of institutional drug or alcohol treatment for a period of at least twelve and no more than twenty-four months, as well as a term of incarceration." Upon successful completion of the program, an offender will be released on probation unless the court determines that probation is not appropriate. Section 217.362.3. "If the court determines that probation is not appropriate the court may order the execution of the offender's sentence. "*Id.* Accordingly, upon an offender's successful completion of the long-term treatment program, the trial court must: (1) allow the offender to be released on probation; or (2) determine that probation is not appropriate and order the execution of the offender's sentence.

Here, Respondent issued an order purporting to begin probation on February 1, 2016. Nothing in Section 217.362 gave Respondent the authority to delay Davis-Demars' release from custody beyond that which was already established by the Department. Upon Davis-Demars' successful completion of the long-term treatment program, Section 217.362.3 required Respondent to either allow her to be released on probation or determine that probation was not appropriate and execute the sentences. Accordingly, Respondent exceeded her authority when she ordered Davis-Demars to remain in custody until February 1, 2016.

We therefore make the Preliminary Order in Mandamus permanent and order Respondent to vacate her orders of October 16, 2015 and December 1, 2015 and issue a new order that is fully compliant with the limited authority granted to her by Section 217.362. Respondent has

3

determined that probation is appropriate, Respondent, under Section 217.362, is not required to conduct a hearing.

### III. CONCLUSION

The Preliminary Order in Mandamus is made permanent. Respondent is hereby directed to vacate her orders of October 16, 2015 and December 1, 2015 and issue a new order that is fully compliant with the limited authority granted to her by Section 217.362. In issuing an order that is compliant with Section 217.362, Respondent is required to issue an order releasing Davis-Demars on probation immediately.

_____
ROY L. RICHTER, Presiding Judge

Lisa S. Van Amburg, C.J, concurs.
Robert M. Clayton III, J., concurs.