

# In the Missouri Court of Appeals
## Eastern District
### WRIT DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. JASON O. SALM, | ) ) ) | No. ED100929 |
| | ) | Petition for Writ of Mandamus |
| Relator, | ) | Lincoln County Circuit Court |
| | ) | |
| vs. | ) | Case Number: 12L6-CR00030-01 |
| | ) | |
| THE HONORABLE CHRIS KUNZA MENNEMEYER, | ) ) ) | |
| Respondent. | ) | Filed: March 4, 2014 |

## OPINION

Relator Jason O. Salm filed a petition seeking a writ of mandamus compelling

Respondent, the Honorable Chris Kunza Mennemeyer, to vacate her order of September 10,

2013 and issue a new order that complies with the provisions of section 217.362 RSMo Supp.

2004.[1]  This Court issued a Preliminary Order in Mandamus.  The Preliminary Order in

Mandamus is made permanent.[2]

### I.     BACKGROUND

Salm pled guilty to the class C felony offense of stealing property of a value of at least

$500 but less than $25,000.  The trial court sentenced Salm to seven years' imprisonment and

---

[1] Unless otherwise indicated, all further statutory references are to RSMo Supp. 2004.
[2] Missouri Supreme Court Rule 84.24(j) (2013) permits this Court to exercise its judgment in dispensing with portions of the procedure for the consideration and/or issuance of original writs as is necessary in the interest of justice.  We have elected to dispense with the briefing schedule that would ordinarily ensue following the issuance of a preliminary writ.

ordered that he be placed in the Department of Corrections' ("Department") long-term treatment program pursuant to section 217.362. Pursuant to the trial court's judgment, Salm was placed in a twelve-month long-term treatment program on October 16, 2012. Prior to his completion of the program, the Department issued a court report investigation advising the trial court that Salm would be released on probation on his program completion date of October 15, 2013. The report also instructed that, pursuant to section 217.362, the trial court "may retain jurisdiction of Salm's case up to twenty-four months, which said date is 10-16-2014." On September 10, 2013, Respondent issued the following order:

> Court is retaining jurisdiction until 10-16-2014. Court requests another Court Report Investigation on or about August 28, 2014. Defendant to remain in MDOC custody until further court order or until 10-16-14.[3]

Salm then filed a petition seeking a writ of mandamus from this Court compelling Respondent to vacate her order of September 10, 2013 and issue a new order that complies with the provisions of section 217.362. On February 5, 2014 we entered a Preliminary Order in Mandamus.

## II.    DISCUSSION

Pursuant to article V, section 4 of the Missouri Constitution, this Court has jurisdiction to issue original remedial writs. "Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008) (internal quotation omitted).

Salm argues that, pursuant to section 217.362.3, Respondent was required, upon Salm's successful completion of the long-term treatment program, to either: (1) allow him to be

---

[3] Salm was originally placed in the long-term treatment program by Judge Dan Dildine. From the record before us, it appears that Respondent's only contact with the circumstances surrounding Salm's treatment was the court report investigation issued by the Department.

2

released on probation; or (2) issue an order executing his seven-year sentence. He contends that Respondent exceeded her authority by retaining jurisdiction for an additional twelve months following his successful completion of the long-term treatment program. We agree.

Pursuant to section 217.362.2, "the court may sentence a person to the [long-term treatment] program which shall consist of institutional drug or alcohol treatment for a period of at least twelve and no more than twenty-four months, as well as a term of incarceration." Upon successful completion of the program, an offender will be released on probation unless the court determines that probation is not appropriate. Section 217.362.3. "If the court determines that probation is not appropriate the court may order the execution of the offender's sentence." *Id*. Accordingly, upon an offender's successful completion of the long-term treatment program, the trial court must: (1) allow the offender to be released on probation; or (2) determine that probation is not appropriate and order the execution of the offender's sentence.

Here, Respondent issued an order purporting to retain jurisdiction over the cause for an additional twelve months beyond Salm's successful completion of the long-term treatment program. In the order, Respondent also ordered another court report investigation to be completed prior to the expiration of the additional twelve-month period, effectively extending Salm's treatment program from twelve months to twenty-four months. In issuing the order, Respondent presumably followed the Department's instruction, contained in the court report investigation, that section 217.362 allows the trial court to retain jurisdiction of a case for up to twenty-four months. However, Respondent's authority is governed not by the Department's instruction, but by the language of section 217.362.[4] Although section 217.362.2 permits a long-term treatment program ranging from twelve to twenty-four months, the "[D]epartment shall

_____

[4] The Department's court report investigations should no longer advise that section 217.362 allows trial courts to retain jurisdiction up to twenty-four months.

3

determine the nature, intensity, duration, and completion criteria of the education, treatment, and aftercare portions of any program services provided." Section 217.362.2. In this case, the Department established a twelve-month treatment program. Nothing in section 217.362 gave Respondent the authority to retain jurisdiction and extend the length of Salm's treatment program that was already established by the Department. Upon Salm's successful completion of the long-term treatment program, section 217.362.3 required Respondent to either allow Salm to be released on probation or determine that probation was not appropriate and execute Salm's seven-year sentence. Accordingly, Respondent exceeded her authority when she ordered Salm to remain in custody until "further court order or until 10-16-14."[5] We therefore make the Preliminary Order in Mandamus permanent and order Respondent to vacate her order of September 10, 2013 and issue a new order that is fully compliant with the limited authority granted to her by section 217.362.

When making the determination of whether probation is appropriate, Respondent, under section 217.362, is not required to conduct a hearing. However, if Respondent determines that probation is not appropriate and executes Salm's seven-year sentence, that determination must be supported by evidence. *See Dane*, 115 S.W.3d at 881 (finding that a trial court, absent evidence to support a finding that the offender was unfit for probation, could not deny probation under section 217.362 RSMo 2000). Moreover, evidence of pre-sentence conduct, without more, will not be sufficient to support a determination that probation is not appropriate. *See State ex rel.*

---

[5] Nevertheless, citing *State v. Mahurin*, 207 S.W.3d 662 (Mo. App. E.D. 2006), Respondent contends Salm's petition for a writ of mandamus should be denied because there is no reviewable issue before this Court. *Mahurin* stands only for the proposition that an order denying probation under section 217.362 is not a final judgment for purposes of appeal. *Id*. at 662. Because Respondent's order is not subject to appeal, this is precisely the situation in which the extraordinary relief provided by a writ of mandamus is appropriate. *See Poucher*, 258 S.W.3d at 64 (stating that mandamus is appropriate when "there is no remedy through appeal") (internal quotation omitted); *State ex rel. Dane v. State*, 115 S.W.3d 879, 882 (Mo. App. W.D. 2003) (granting an application for a writ of mandamus after determining the respondent erred in denying the petitioner probation under section 217.362 RSMo 2000).

4

*Beggs v. Dormire*, 91 S.W.3d 605, 607 (Mo. banc 2002) (stating that "[p]re-sentencing evidence does not, by itself, make [a] petitioner unfit for probation" under section 217.362 RSMo 2000).

### III.    CONCLUSION

The Preliminary Order in Mandamus is made permanent.  Respondent is hereby directed to vacate her order of September 10, 2013 and issue a new order that is fully compliant with the limited authority granted to her by section 217.362.  In issuing an order that is compliant with section 217.362, Respondent is required to issue an order either:  (1) releasing Salm on probation; or (2) executing Salm's original seven-year sentence.  If Respondent executes Salm's seven-year sentence, the order must determine that probation is not appropriate.  Such a determination must be supported by evidence consisting of more than Salm's pre-sentence conduct.

_____
GLENN A. NORTON, Presiding Judge

Sherri B. Sullivan, J. and
Patricia L. Cohen, J., concur

5