

# In the Missouri Court of Appeals
# Eastern District

## WRIT DIVISION SEVEN

| | | |
|---|---|---|
| CHRISTOPHER SANDKNOP, | ) | No. ED101967 |
| | ) | |
| Relator, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| HONORABLE STEVEN H. GOLDMAN, | ) | |
| CIRCUIT COURT OF ST. LOUIS | ) | Honorable Steven H. Goldman |
| COUNTY, MISSOURI and | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Respondents. | ) | Filed: December 9, 2014 |

## Introduction

Christopher Sandknop (Relator) filed a petition seeking a writ of mandamus compelling the Honorable Steven Goldman (Respondent) to immediately release Relator on probation pursuant to § 217.362 RSMo Supp. 2004. Because § 217.362 requires a circuit court, upon a chronic offender's successful completion of a long-term treatment program, to either immediately release the offender on probation or alternatively execute the offender's sentence, and Respondent did neither in his Amended Order, we make the Preliminary Order in Mandamus permanent and we reverse Respondent's Amended Order and remand with directions for Respondent to comply with the requirements of § 217.362.

**Factual Background**

In July 2013, Relator pleaded guilty as a chronic offender to one count of driving while intoxicated. On the same day, the circuit court entered its Judgment and Sentence, which found beyond a reasonable doubt that Defendant is a chronic offender under § 577.023 RSMo Supp. 2013 and sentenced Defendant to 10 years' imprisonment in the Department of Corrections (DOC). The Judgment and Sentence ordered that the 10-year sentence be served pursuant to § 217.362, which allows for a sentence of long-term treatment for chronic nonviolent offenders with serious substance abuse addictions, and concurrent with sentences in four other cases, also to run concurrent with the period of long-term treatment.

On May 1, 2014, Defendant successfully completed treatment pursuant to § 217.362. Defendant was not released on probation at that time, nor was his sentence executed. Instead, Defendant remained in the custody of the DOC. Several months later, in July 2014, the circuit court, on its own motion, entered an "Amended Order of Probation Pursuant to Section 559.115 RSMO." The Amended Order provided:

> [I]t is hereby ordered, adjudged and decreed that the remainder of the sentence imposed upon the defendant by this Court be suspended and the defendant be place[d] on probation for a period of **five (5) year(s)** under the supervision of the Missouri Board of Probation and Parole under conditions of probation as set by the Board and this Court, and that the defendant be released from the Department of Corrections to begin said probation on/about **December 20, 2014** or as soon thereafter as may be practicable. [Emphasis in original.]

On September 9, 2014, Relator filed the instant petition for writ of mandamus in this Court. In his petition, Relator alleged, pursuant to *State ex rel. Salm v. Mennemeyer*, 423 S.W.3d 319 (Mo. App. E.D. 2014) and § 217.362.3, that Respondent, upon Relator's completion of the treatment program, lacked jurisdiction to continue Relator's detention in the DOC and was required to immediately release him on probation or execute his sentence. Respondent filed

2

suggestions in opposition, claiming that Respondent does not have the authority to release Relator because § 577.023 requires Relator to serve a minimum two-year term of incarceration before becoming eligible for release. On September 24, 2014, this Court entered a Preliminary Order in Mandamus.

## Standard of Review

"Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal." *State ex rel. Kizer v. Mennemeyer*, 421 S.W.3d 558, 559 (Mo. App. E.D. 2014). "To be entitled to a writ, a litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *U.S. Dept. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 (Mo. banc 2013) (citation and quotations omitted). "Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012) (citations and quotations omitted). However, "if the respondent's actions are wrong as a matter of law, then [the respondent] has abused any discretion [the respondent] may have had, and mandamus is appropriate." *State ex rel. Kizer*, 421 S.W.3d at 559. Whether a circuit court has exceeded its authority is a question of law that we review de novo. *State ex rel. Thurman v. Pratte*, 324 S.W.3d 501, 503 (Mo. App. E.D. 2010).

## Discussion

In his petition, Relator claims that Respondent exceeded his jurisdiction and abused his discretion by failing to immediately release Relator on probation when Relator completed his long-term treatment program. According to Relator, § 217.362 requires Respondent, at the end of the long-term treatment program, to either release Relator on probation immediately or to

3

execute Relator's sentence and that § 217.362 controls over § 577.023. In response, Respondent asserts that a writ of mandamus is not a proper means of reviewing Relator's claim.[1] Alternatively, Respondent argues that his discretion to place Relator on probation is constrained by § 577.023.[2]

Because the circuit court sentenced Relator to a 10-year term pursuant to § 217.362, we begin our analysis with that provision. Section 217.362 grants the DOC the authority to "design and implement an intensive long-term program for the treatment of chronic nonviolent offenders with serious substance abuse addictions . . . ." § 217.362.1. Section 217.362.2 permits a sentencing court to sentence an eligible offender to such a program "for a period of at least twelve and no more than twenty-four months, as well as a term of incarceration." Subsection 2 also mandates that "[e]xecution of the offender's term of incarceration shall be suspended pending completion of said program." § 217.362.2. Section 217.262.3 pertains to what occurs upon the successful completion of the long-term treatment program. Subsection 3 provides, "Upon successful completion of the program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. If the court determines that probation is not appropriate the court may order the execution of the offender's sentence."

In *Salm*, this Court interpreted § 217.362 as granting a circuit court a "limited authority." 423 S.W.3d at 321. Specifically, with regard to § 217.362.3, the Court held that "upon an

---

[1] At the outset, we reject Respondent's contention that, because consideration of Relator's petition would require this Court to adjudicate legal issues, a petition for a writ of mandamus is not the proper mechanism to provide Relator relief. Respondent's reliance on this general principle ignores that the Amended Order is not subject to appeal. Thus, consideration of the validity of Respondent's Amended Order is exactly the type of situation that is properly reviewed through the extraordinary relief provided by a writ of mandamus. *See State ex rel. Salm*, 423 S.W.3d at 321 n. 5.

[2] We decline to reach the question of whether § 217.362 and § 577.023 conflict because under the terms of the Amended Order, Respondent did not act under either statute.

4

offender's successful completion of the long-term treatment program, the trial court *must*: (1) allow the offender to be released on probation; or (2) determine that probation is not appropriate and order the execution of the offender's sentence." *State ex rel. Salm*, 423 S.W.3d at 321 (emphasis added). Because the circuit court in *Salm* entered an order that retained jurisdiction over the relator for an additional twelve months beyond the relator's completion of his treatment program, the Court concluded that the circuit court exceeded its authority. *Id*. The Court explained that "[n]othing in section 217.362 gave [the circuit court] the authority to retain jurisdiction and extend the length of [the relator's] treatment program . . . ." *State ex rel. Salm*, 423 S.W.3d at 321.

As *Salm* and the plain language of § 217.362 make clear, when a defendant is sentenced to a long-term treatment program pursuant to § 217.362 and successfully completes that program, the circuit court's authority is expressly limited to two alternative actions: the circuit court must either release the defendant on probation or execute the defendant's sentence if the court determines that probation is not appropriate. No other action is expressly, or impliedly, permitted under the statute.

Here, the trial court's Amended Order neither releases Relator on probation nor executes Relator's sentence. Instead, without reference to either § 217.362 or § 577.023 upon which Respondent now relies, the Amended Order suspends pursuant to § 559.115 Relator's original 10-year sentence (imposed pursuant to § 217.362) and orders five years' probation to commence at a future date nearly eight months after Relator's successful completion of his treatment program.[3] As implied by the holding in *Salm*, § 217.362 does not contemplate a grant of

---

[3] However, § 559.115 does not provide a circuit court with the power to suspend the remainder of a sentence previously imposed under a different statute (here § 217.362) and order probation. "[O]nce judgment and sentencing occur in a criminal proceeding, [the trial court] can take no further action unless otherwise expressly provided by statute or rule." *Allen v. State*, 219 S.W.3d 273, 277 (Mo. App. S.D. 2007). Thus, "[a]ny subsequent

authority to the circuit court that would allow it to extend a defendant's incarceration beyond the length of the treatment program absent the execution of the defendant's sentence.[4] Accordingly, Respondent's Amended Order, by creating a third option not prescribed by § 217.362, is contrary to law. Upon Relator's successful completion of his treatment program, Respondent had the authority to either immediately release Relator on probation or execute Relator's sentence in the event that Respondent found probation to be inappropriate.[5]

## Conclusion

This Court's Preliminary Writ of Mandamus is made permanent. Respondent's Amended Order is reversed and, on remand, Respondent must comply with the limited authority granted by § 217.362.

_____
Philip M. Hess, Presiding Judge

Patricia L. Cohen, J., and
Lisa S. Van Amburg, J., concur.

---

proceedings by the trial court not authorized by statute or rule will be considered a nullity." *Id*. (citing *State ex rel. Johnston v. Berkemeyer*, 165 S.W.3d 222, 224 (Mo. App. E.D. 2005)).

[4] Moreover, when a circuit court executes a suspended sentence, the sentence is the one specified at the original sentencing. *See Hoskins v. State*, 329 S.W.3d 695, 698 n. 3 (Mo. banc 2010).

[5] *Salm* emphasizes that a determination that probation is not appropriate must be supported by evidence. 423 S.W.3d at 322.