

# SUPREME COURT OF MISSOURI
## en banc

State ex rel. James Dean Hodges,    )
                                     )

                   Relator,       )

                                     )

vs.                               )       No. SC94886

                                     )

The Honorable Jodie Asel and     )
George Lombardi,                )

                                     )

              Respondents.    )

### Original Proceeding in Mandamus

### *Opinion issued May 26, 2015*

James Hodges filed a petition for a writ of mandamus, requesting his immediate release on probation pursuant to section 217.362.3.[1]  Mr. Hodges argues that section 217.362.3 requires his immediate release on probation because he successfully completed the long-term substance abuse treatment program established by section 217.362.  Section 217.362.3 does not require the immediate release of an individual who, like Mr. Hodges, was sentenced as a "chronic offender" pursuant to section 577.023.6(4) and is ineligible for probation until serving a minimum of two years in prison.  The petition for writ of mandamus is denied.

---

[1] All statutory citations are to RSMo Supp. 2012 unless otherwise noted.

1

## I. Facts

On June 24, 2013, Mr. Hodges pleaded guilty to one count of driving while intoxicated as a chronic offender. The circuit court determined that Mr. Hodges qualified as a chronic offender pursuant to section 577.023.6(4) and sentenced him to five years in prison. The circuit court ordered that Mr. Hodges be placed in the long-term substance abuse treatment program established by section 217.362.

Mr. Hodges successfully completed the treatment program, prior to serving two years. The Missouri Board of Probation and Parole informed the circuit court that Mr. Hodges successfully completed the program. The board advised the court that Mr. Hodges would be eligible for probation on June 8, 2015.[2] The circuit court adopted the board's recommendation and directed that Mr. Hodges be released on probation on June 8, 2015.

Mr. Hodges filed a motion for release. Mr. Hodges asserted that he was entitled to immediate release because he successfully completed the section 217.632 treatment program. The circuit court overruled the motion. The court noted that Mr. Hodges was sentenced as a chronic offender pursuant to section 577.023.6(4) and was required to serve a minimum of two years imprisonment before he could be eligible for parole. The court further noted that it did not object to Mr. Hodges' release "under Chapter 217" if the department determined that Mr.

---

[2] Mr. Hodges was received by the Department of Corrections on June 28, 2013. Mr. Hodges' release date was calculated as June 8, 2015, because he received 20 days of jail-time credit for time served prior to imprisonment in the Department of Corrections.

Hodges was "eligible for release despite" the mandatory minimum two year's of imprisonment required by section 577.023.6(4).

Mr. Hodges filed the instant petition for a writ of mandamus arguing that he is entitled to immediate release on probation pursuant to section 217.362.3. As established below, section 217.362.3 does not require the circuit court to immediately release a chronic offender prior to serving the two years of imprisonment mandated by section 577.023.6(4). Instead, as the circuit court ordered, Mr. Hodges is eligible for release on probation on June 8, 2015.

## II. Standard of Review

This Court has authority to "issue and determine original remedial writs." Mo. Const. art. V, § 4.1. "A writ of mandamus may issue upon proof of a "clear, unequivocal specific right to a thing claimed." *U.S. Dept. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 (Mo. banc 2013). When a statutory right is at issue, a court must analyze the statute or statutes under which the relator claims the right. *Jones v. Carnahan*, 965 S.W.2d 209, 213 (Mo. App. 1998). When, as in this case, two statutes are involved, this Court will apply both statutes unless the statutes conflict and cannot be reconciled. *South Metro. Fire Prot. Dist. v. City of Lee's Summit,* 278 S.W.3d 659, 666 (Mo. banc 2009).

## III. Mr. Hodges is not entitled to immediate release

Mr. Hodges argues that section 217.362.3 requires his immediate release on probation because he successfully completed the treatment program. Mr. Hodges' argument is without merit because section 217.362.3 does not require the circuit

3

court to immediately release a chronic offender before the offender serves two years of imprisonment as required by section 577.023.6(4).  Both statutes apply to Mr. Hodges, and the statutes do not conflict.

Section 577.023.6(4) provides that "[n]o chronic offender shall be eligible for parole or probation until he or she has served a minimum of two years imprisonment."  Section 577.023.6(4) provides unequivocally and without exception that Mr. Hodges, like all chronic offenders, must serve at least two years' imprisonment.

Section 217.362.3 provides: "[u]pon successful completion of the program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release.  If the court determines that probation is not appropriate the court may order the execution of the offender's sentence."   The plain language of section 217.362.3 requires only that the board advise the circuit court of the offender's probationary release date thirty days prior to release.  The requirement that the board advise the court of the release date means that the board, not the court, is responsible for calculating the offender's release date.  Once the board advises the court of the release date, the statute gives the court the option of not releasing the offender on probation.  There is no language in section 217.362.3 requiring circuit court to grant probation to Mr. Hodges or any other chronic offender prior to serving two years imprisonment as required by section 577.023.6(4).

4

The conclusion that a chronic offender is not entitled to immediate release upon completing the treatment program is further supported by the fact that section 577.023.6(4), enacted after section 217.362,[3] specifically provides that no chronic offender shall be released on "probation or parole" prior to serving two years imprisonment. "Parole" is the conditional release of an offender from imprisonment prior to the expiration of his or her term. Section 217.650(4). "Probation" is the conditional release of an offender by the court upon being found guilty and prior to being imprisoned. Section 217.650(7). Section 217.632.2 authorizes courts to sentence an offender to treatment for up to two years and specifically provides that "[e]xecution of the offender's term of incarceration shall be suspended pending completion of said [treatment] program." Therefore, if a chronic offender completes a section 217.632 treatment program, his or her release from the treatment program would be probation, not parole. By providing that no chronic offender can be released on probation or parole before serving two years imprisonment, section 577.023.6(4) specifically accommodates those situations in which a chronic offender successfully completes the program and is eligible for "probationary release" pursuant to section 217.362.3. The statutes are consistent and do not conflict.

Mr. Hodges' argument that he is entitled to immediate release is not based on the plain language of section 217.362.3. Instead, Mr. Hodges relies on statements in *State ex rel. Salm v. Mennemeyer*, 423 S.W.3d 319 (Mo. App. 2014),

---

[3] Section 577.023.6(4) was enacted in 2005. Section 217.632 was last amended in 2003.

5

and *State ex rel. Sandknop v. Goldman*, 450 S.W.3d 499 (Mo. App. 2014).  In both cases, the court of appeals stated that section 217.362.3 requires that "upon an offender's successful completion of the long-term treatment program, the trial court *must*: (1) allow the offender to be released on probation; or 2) determine that probation is not appropriate and order execution of the offender's sentence." *Sandknop*, 450 S.W.3d at 502 (quoting *Salm*, 423 S.W.3d at 321).  Neither case, however, dealt with the interplay between section 217.362.3 and section 577.023.6(4).  *Salm* did not involve a chronic offender.  While *Sandknop* involved a chronic offender, the court of appeals specifically declined "to reach the question of whether section 217.362 and section 577.023 conflict" because the circuit court's decision to deny probation in that case did not invoke either statute.  *Id*. at 502 n.2.  Mr. Hodges' reliance on *Salm* and *Sandkop* is misplaced because, as established above, the plain language of section 217.362.3 does not require the circuit court to immediately release a chronic offender prior to serving the two years of  imprisonment required by section 577.023.6(4).

In this case, the board complied with the statute and advised the court that Mr. Hodges was eligible for probation on June 8, 2015.  The circuit court did not determine that probation was inappropriate and, instead, stated that the court did "not object to release under Chapter 217" if the Department of Corrections determined that Mr. Hodges is eligible for release despite section 577.023(4).  Mr. Hodges' proposed June 8, 2015 release date satisfies the requirement that he serve

6

at least two years of imprisonment as required by section 577.023.6(4) while

meeting all requirements imposed by the plain language of section 217.362.3.

The petition for writ of mandamus is denied.


_____

Richard B. Teitelman, Judge


All concur.