

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel. )
BOARD OF CURATORS OF THE )
UNIVERSITY OF MISSOURI, )
  )
      Relator, )
  )
v. )     No. SC97418
  )
THE HONORABLE )
JOSEPH L. GREEN, )
  )
      Respondent. )

*Opinion issued June 25, 2019*

### ORIGINAL PROCEEDING IN MANDAMUS

This writ arises from a declaratory action concerning Sherlock Hibbs' (hereinafter, "Decedent") last will and testament. Believing the Board of Curators of the University of Missouri (hereinafter, "Curators") failed to comply with the terms of Decedent's trust, Hillsdale College (hereinafter, "Hillsdale") filed suit in St. Louis County, challenging Curators' administration of the trust's funds. Curators filed a petition for a writ of mandamus, seeking to require the circuit court to transfer venue in the underlying action to Boone County. This Court issued a preliminary writ of mandamus. Because this Courts finds no venue in the underlying action regarding Decedent's trust in St. Louis County, the preliminary order in mandamus is made permanent. The circuit court is

directed to transfer this matter to the probate division of the circuit court in Boone County.

## Factual and Procedural History

In his last will and testament, Decedent bequeathed Curators, as trustees, $5 million to be held in trust and to administer the funds pursuant to certain terms and conditions. Decedent's bequest established six endowments to fund chairs and distinguished professorships at the University of Missouri–Columbia College of Business and Public Administration. Each endowment was to be held in a separate trust fund. Further, each appointee to a chair or professorship was required to be "a dedicated and articulate disciple of the Ludwig von Mises (Austrian) School of Economics." Decedent's terms provided that should a chair or distinguished professorship remain vacant for five consecutive years, Curators should distribute the balance of the trust funds to Hillsdale, a college located in Michigan. Curators were required to certify appointments to the chairs and distinguished professorships and inform Hillsdale in writing that the appointments met the trust requirements. Decedent died in 2002, and, according to the terms of his will, Curators were provided money, in trust, to endow the chairs and professorships as Decedent directed.

In 2017, Hillsdale filed a declaratory judgment action in St. Louis County, challenging Curators' administration of Decedent's trust funds. Hillsdale admitted it is a nonresident because it is located in Michigan. Hillsdale asserted venue was proper in St. Louis County because Curators have a campus located there. Curators promptly filed a motion to change venue. The circuit court overruled Curators' motion. Curators then

2

sought writ relief.  Hillsdale filed its first amended petition, prior to the court of appeals issuing a ruling.  Curators timely filed another motion challenging venue.  The court of appeals denied the writ petition for change of venue, which was directed at Hillsdale's original petition.  Curators sought writ relief from this Court.  This Court overruled Curators' writ petition as moot.

Less than a month after this Court overruled Curators' writ petition as moot, Hillsdale filed its second amended petition.  In the second amended petition, Hillsdale characterized its allegations against Curators as breach of contract claims for purposes of establishing venue in St. Louis County.  Curators again timely challenged venue as improper.  The circuit court overruled Curators' motion.  Curators now seek writ relief.

## Standard of Review

This Court has jurisdiction to issue original remedial writs.  Mo. Const. art. V, sec. 4.  A writ of mandamus may issue upon proof of a "clear, unequivocal specific right to a thing claimed."  *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 (Mo. banc 2013) (quoting *Furlong Cos. v. City of Kan. City*, 189 S.W.3d 157, 165-66 (Mo. banc 2000)).  Mandamus will lie only when there is a clear, unequivocal, specific right to be enforced, and it is appropriate to compel the performance of a ministerial act.  *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012).

## Analysis

While Hillsdale characterizes its petition as litigating contractual rights, Curators disagree and claim the petition is a judicial proceeding involving trust administration.  Curators allege matters involving trust administration are governed by a specific venue

3

statute.  *See* section 456.2-204(1), RSMo 2016.[1]  Accordingly, Curators believe venue is proper only in Boone County.

Venue is determined by statute.  *State ex rel. Heartland Title Servs., Inc. v. Harrell*, 500 S.W.3d 239, 241 (Mo. banc 2016).  "When a statutory right is at issue, a court must analyze the statute or statutes under which the relator claims the right."  *State ex rel. Hodges v. Asel*, 460 S.W.3d 926, 927 (Mo. banc 2015).

Hillsdale brought suit against Curators invoking the general venue statutes. Hillsdale sought to establish St. Louis County as the appropriate venue pursuant to section 508.010.2(1) or in the alternative, section 508.010.2(4).  Hillsdale argues either Curators should be able to be sued in any county in which they can be found for purposes of section 508.010.2(1) or, asserting Curators are equivalent to Missouri nonresidents, in any county pursuant to section 508.010.2(4).

Neither of these general venue provisions is applicable in this case because Curators' characterization of the petition as being a matter of trust administration is correct.  "A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights." Section 456.2-201.3, RSMo Supp. 2004.  Hillsdale seeks a declaration of its rights over the trust res and a request for it to be transferred to Hillsdale.

Hillsdale characterized the terms of Decedent's bequest as contractual obligations. Yet, Decedent's bequest indicated the funds provided to Curators were to be held in trust.

---

[1] All further statutory references to RSMo 2016.

Decedent's bequest specifically stated, "Five Million ($5,000,000,000.00) Dollars to the Curators of the UNIVERSITY OF MISSOURI, *as trustees, in trust*, to be held and administered upon the following terms and conditions." (Emphasis added). Further, Decedent subdivided this devise into six separate amounts, each to be held and administered in separate *trust* funds.

The Missouri Uniform Trust Code applies to *testamentary* trusts. Section 456.1-102, RSMo Supp. 2004. Trusts may be created by the "transfer of property to another person as trustee during the settlor's lifetime or by will …." Section 456.4-401(1), RSMo Supp. 2006. The plain language of Decedent's bequest establishes a trust rather than a mere contractual transaction.

"General rules establishing venue are subject to specific statutes which place venue elsewhere." *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo. banc 1985). When there "is a specific venue provision; it supersedes the general venue statute, section 508.010." *Igoe v. Dep't of Labor & Indus. Relations of Mo*., 152 S.W.3d 284, 288 (Mo. banc 2005).

Section 456.2-204.1 sets forth specific provisions for venue of judicial proceedings involving trust administration. For a trust that either is registered in Missouri or could be registered in Missouri, sections 456.2-204.1(1) and (2) provide venue is "in the probate division of the circuit court where the trust" is or could be registered properly.

A trustee, whose principal place of administration is in Missouri, may register a trust in "the probate division of the circuit court of the county wherein the principal place

5

of administration is located." Section 456.027.1, RSMo Supp. 2004.[2] "Unless otherwise designated in the trust instrument, the 'principal place of administration of a trust' is the trustee's usual place of business where the records pertaining to the trust are kept …." Section 456.027.3.

Decedent's bequest appointed Curators as trustees. Curators' usual place of business where records pertaining to the trust are kept is in Boone County. Because the trust could be registered in Boone County, it is the proper venue for this case. Accordingly, section 456.2-204, the specific venue provision regarding the administration of trusts, applies and supersedes section 508.010, the general venue provision, in this case.

### Conclusion

For the foregoing reasons, the preliminary writ of mandamus is made permanent. The circuit court is directed to sustain Curators' motion to change venue and transfer the case to the probate division of the circuit court of Boone County.

_____
GEORGE W. DRAPER III, JUDGE

All concur.

---

[2] All further statutory references to section 456.027 are to RSMo Supp. 2004.